The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award.
 ************
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing and by post-hearing agreement as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On April 18, 1991, and at all times relevant to this claim, an employment relationship existed between the employee and defendant-employer.
3. An Industrial Commission Form 22, Wage Chart, marked as Stipulated Exhibit Number Two, was admitted into evidence.
4. A set of exhibits identified in the Pre-Trial Agreement, collectively marked as Stipulated Exhibit Number Three, was admitted into evidence.
5. A set of the employee's medical records, marked as Stipulated Exhibit Number Four, was admitted into evidence.
6. The report of David H. Dail, M.D. was admitted into evidence.
 *********** EVIDENTIARY RULINGS
The objections appearing in the depositions of Drs. Roggli and Stopford are OVERRULED.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Defendant-employer was a manufacturer of plywood, melamine coated panels and veneer coated panels. Defendant-employer did not manufacture particleboard. Defendant-employer used saws and sanding machines in its manufacturing processes. The saws and sanders were equipped with sawdust vacuums and ventilating systems that pulled the sawdust to the outside of defendant-employer's plant. The saws and sanders were not operational unless the ventilation system was also operating.
2. During his employment with defendant-employer, the employee worked primarily as a melamine press operator and as a fork lift operator. The employee's work duties required him to be in the sawing and sanding areas approximately 40 percent of each work day, in the presence of some saw dust. Defendant-employer monitored sawdust levels in its manufacturing facility.
3. In 1985, the employee began experiencing weight loss, shortness of breath and coughing. He was hospitalized in 1986 for chest pain, hemoptysis and difficulty breathing. The employee's breathing was restricted. A lung tissue biopsy was taken on August 15, 1986. The biopsy results and diagnostic studies performed on August 18, 1986 revealed that the employee had noncaseating granulomas consistent with sarcoidosis. Dr. Anagnost affirmed the diagnosis of sarcoidosis.
4. Duke University Medical Center evaluated the employee in 1991, who continued to experience shortness of breath and coughing. The employee was evaluated and considered for lung transplantation. In 1992, the employee was again hospitalized for severe hemoptysis. Duke University Medical Center admitted the employee in January 1992 for consideration of a right lung transplant.
5. Because of his pulmonary condition, the employee last worked for defendant-employer, or any other employer, on April 18, 1991. The employee died on September 4, 1995. The employee's inability to work after April 18, 1991, and subsequent death was caused by sarcoidosis. Sarcoidosis is a systemic disease that especially involves the lung. The cause of sarcoidosis is unknown, but is most commonly found in African-Americans in the southeastern United States.
6. The employee's sarcoidosis was not caused or significantly aggravated by his employment with defendant-employer.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The employee's sarcoidosis was not caused or significantly aggravated by conditions that were characteristic of and peculiar to his employment with defendant-employer and, therefore, was not an occupational disease. N.C. Gen. Stat. § 97-53(13).
2. Plaintiffs are not entitled to compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53(13).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiffs' claims must be, and the same are hereby, DENIED.
2. Each party shall bear its own costs, except that defendants shall pay Dr. Stopford's $480.00 expert witness fee.
This the _____ day of June 1998.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ CHRISTOPHER SCOTT COMMISSIONER
DCS/jlr